JOHN A. SWEET *et al.*

*v.*

THE PEOPLE *ex rel.* S. B. Raymond, County Collector.

*Opinion filed December 16, 1902—Rehearing denied February 5, 1903.*

This case is controlled by the decision in *McChesney* v. *People,* (*ante,* p. 146.)

APPEAL from the County Court of Cook county; the Hon. ORRIN N. CARTER, Judge, presiding.

This is an appeal from a judgment of sale for the third installment of a special assessment for paving Madison street from Western avenue to Homan avenue, rendered by the county court of Cook county upon the application of the county collector of that county. The appellants filed objections in the trial court and introduced evidence. Upon a hearing the court overruled all of the objections, and entered judgment of sale.

GEORGE W. WILBUR, for appellants.

EDGAR BRONSON TOLMAN, (CHARLES M. WALKER, of counsel,) for appellee.

Per CURIAM: The objections, made by the appellants upon the trial below to the application for judgment against their property, were, first, that the contract under which the improvement was constructed was illegal,

unconstitutional and against public policy because it contained a clause limiting a day's labor to eight hours; and second, that the contract was illegal, unconstitutional and against public policy because it required the contractor to employ native born or naturalized citizens, and to exclude aliens.

The clauses, in relation to limiting a day's labor to eight hours and in relation to the employment of native born or naturalized citizens to the exclusion of aliens, are embodied in the specifications attached to the contract, and are the same as the clauses set forth in *McChesney* v. *People, (ante,* p. 146.) The questions, discussed in *McChesney* v. *People, supra,* are the same questions, which are presented by the record in this case. The decision in that case determines and settles the issues involved in the case at bar.

As was said in that case, so may it be said here: "It is a material and important right of the property owner that there shall be free and open competition unrestricted by illegal and unconstitutional provisions, the natural tendency of which would be to increase the cost of the work, and it is indisputable that the clauses in question in this case lay down rules, which would naturally increase such cost and be detrimental to the public. The question in this case is whether it was shown that the bidding was upon the basis of these specifications." After referring to a number of cases decided by this court, involving the validity of the clauses in question and of a general ordinance of the city of Chicago requiring that all bids for public work in that city should contain a clause binding the bidder to hire only such persons in the performance of the work as were members of labor unions, it was said in *McChesney* v. *People, supra,* as follows: "Precisely the same condition exists here. The law requires that the notice to bidders shall state where the specifications for the improvement are to be found. But there was no showing in this case what specifica-

tions are referred to in the notice, or that they contained these clauses, or that the bids were based upon the specifications contained in it. * * * Property owners must show that the provision, restricting competition and having a tendency injurious to the public, actually entered into the competition in some way. There being no evidence that the bidding was upon the specifications offered in evidence, the court was right in overruling the objections."

Accordingly, the judgment of the county court is affirmed.                                    *Judgment affirmed.*